UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DIVISION OF PORTLAND

**SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

v.

**JACQUES NICHOLS,**

**Defendant.**

Case No. 3:12-CV-01698-HZ

[PROPOSED] FINAL JUDGMENT

### [PROPOSED] FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant Jacques Nichols having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5

1

promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting violations of Sections 206(1), 206(2), and 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by using the mails or instrumentalities of interstate commerce:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client;

    (c)    to make any untrue statement of a material fact or to state a material fact necessary to make the statements made, in the light of the circumstances under which they were

made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(d)   to engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $42,500, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $99, for a total of $42,599. Based on Defendant's sworn representations in his Statement of Financial Condition dated May 15, 2012, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of the disgorgement and pre-judgment interest thereon is waived. If at any time following the entry of this Final Judgment the Commission obtains information indicating that Defendant's representations to the Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to Defendant, petition the Court for an order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any material respect as of the time such representations were made. In its petition, the Commission may move this Court to consider all available remedies, including, but not limited to, ordering Defendant to pay funds or assets, directing

the forfeiture of any assets, or sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Defendant may not, by way of defense to such petition: (1) challenge the validity of the Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: Sept. 26    , 2012

/s/ Marco A. Hernandez
UNITED STATES DISTRICT JUDGE
MARCO A. HERNANDEZ

[PROPOSED] FINAL JUDGMENT